## W. M. ROBERTSON, *et al., v.* DANIEL GLENN.

SHERIFF. *Constable. Liability of when deputized by Sheriff to execute process.* Where a Sheriff is not acquainted with the fact that a party has been qualified as constable, and deputizes such person to levy an execution, the Sheriff and his sureties are liable for the non-return of the same, unless the plaintiff claiming judgment against the constable and *his* sureties can show that the default took place as constable, and not as deputy Sheriff.

---

### FROM WILLIAMSON.

---

Appeal from the Circuit Court. WM. P. MARTIN, Judge.

T. W. TURLEY for Robertson.

G. W. HICKS for Glenn.

NICHOLSON, C. J., delivered the opinion of the Court.

Glenn obtained a judgment in the Circuit Court of Williamson County against Robertson and his sureties, as a constable. Robertson and his sureties have appealed. The only question which it is necessary to notice is, whether the proof sustains the judgment rendered by the Circuit Judge?

The facts are as follows: Glenn, plaintiff, took out an execution against Elizabeth Cherry for $200, and handed it to Col. Lavender, Sheriff of Williamson County, but Lavender informed him that his business was such that he could not attend to it, but he would have it done. He returned the execution, and wrote upon it this deputation: "I depute W. M. Robertson to execute the within *fi. fa.* by levying upon such property as the plaintiff may show, which is not exempt from execution in this case, and make return, this 27th January, 1868." The Sheriff sent the execution to Robertson, with this deputation on it, though not by Glenn, the plaintiff. Robertson received the execution, and proceeded to make a levy, which was endorsed thereon, as follows: "Came to hand, February 1, 1868, and executed by levying this *fi. fa.* on twenty-five barrels corn, this 1st February, 1868. Signed, W. M. Robertson."

When the Sheriff sent the execution to Robertson, he did not know that Robertson had been qualified as a constable, though he had heard that he had been elected shortly before that time. In fact, Robertson

was qualified as a constable on the 3d of January, 1868, nearly a month before he received the execution.

Robertson failed to return the execution, and for this default judgment was rendered against him as a constable, together with his sureties on his bond. The question is, was Robertson in default as a deputy Sheriff, or as a constable? At the time he received the execution, he was both a deputy Sheriff and a constable. He gave no receipt, and, therefore, the evidence usually furnished by such a paper, as the character of the officer, is wanting, Upon the execution he writes, that he made a levy and signs his name, but fails to show the character in which he was acting; he neither styles himself deputy Sheriff nor constable, but simply W. M. Robertson. If it be presumed that he was acting as constable from the fact that he was a constable, and was performing an act belonging to the office of constable, the presumption is neutralized by the fact that he was also a deputy Sheriff, and was performing an act belonging to that office, and for which he was specially deputized. It devolved on the plaintiff claiming judgment to show that the default took place as a constable, in order to make his sureties responsible. The evidence fails to do this, on the contrary, it appears that the plaintiff selected the Sheriff as his collecting officer, and delivered to him the process, and relied upon his undertaking to have the execution attended to. The Sheriff gave to Robertson special authority, as his deputy, to execute the writ, and instructed him how to execute it. He did

execute it, with the authority so endorsed on it, and the reasonable presumption is, that he was executing the special authority conferred on him.

We are, therefore, of opinion, that the Circuit Judge erred in rendering judgment against Robertson's sureties as constable.

The judgment is reversed, and a new trial granted.